**Leslie CONTI, Plaintiff–Appellant,**

v.

**UNIVERSAL ENTERPRISES, INC.;
Universal Tubular Systems, Inc.,
Defendants–Appellees.**

No. 00–4538.

United States Court of Appeals,
Sixth Circuit.

Sept. 20, 2002.

692

Before MERRITT and DAUGHTREY, Circuit Judges, and WEBER,* District Judge.

**OPINION**

PER CURIAM.

Plaintiff–Appellant Leslie Conti appeals the district court's grant of summary judgment to Defendants–Appellees Universal Enterprises, Inc. ("Enterprises") and its purported successor-in-interest, Universal Tubular Systems, Inc. ("Tubular"). Conti brought claims of gender-based wage discrimination against Enterprises and Tubular under the Equal Pay Act, 29 U.S.C. § 206(d), and under Title VII, 42 U.S.C. § 2000e–2(a). Conti also claimed that she

* The Hon. Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

was discharged in retaliation for filing a complaint with the Equal Employment Opportunity Commission (EEOC) in violation of public policy. Conti proceeded against Tubular under a theory of successor liability pursuant to Ohio Revised Code § 1701.82.

The district court concluded that: (1) plaintiff had failed to establish a prima facie case under both the Equal Pay Act and Title VII; (2) even if plaintiff had established a prima facie case, the undisputed evidence supported the conclusion that any differentials in the salaries paid to Conti and to male employees holding comparable positions were based on factors other than sex; (3) there was no evidence in the record to support Conti's claim of retaliation against either Enterprises or Tubular; (4) neither Ohio law nor the facts supported Conti's claim of successor liability against Tubular, and even if Tubular were a successor-in-interest, Conti had no claim against Tubular in light of the grant of summary judgment in Enterprises' favor on Conti's substantive claims; and (5) Enterprises' motion to strike attachments filed with Conti's objections to the magistrate judge's Report and Recommendation was well-taken.

## I. FACTS AND PROCEDURE

At all relevant times, Enterprises was a closed, family-owned company of approximately 500 employees. The company manufactured computer, heating, ventilating and air conditioning equipment. Enterprises did not have a formal system for determining employee wages. Rather, according to Enterprises founder and president Ralph Ridenour, the company paid Conti and other employees "a fair and just salary" based upon their contribution to the company, the amount the company could afford to pay, and how much individuals in similar positions at other companies of a comparable size were earning.

Conti began her employment with Enterprises in 1984. From the date of her hire until the summer of 1995, Conti held the position of benefits administrator. Conti described her chief job responsibilities as administering the medical, dental, vision, short-term disability, 401(k), and other benefit plans for Enterprises' employees. Conti averred that she also developed software programs for the administration of benefits, wrote and implemented policies related to those benefits, negotiated proposals and signed contracts relating to benefits offered by defendant, and authorized the payment of claims. Conti had no supervisory responsibilities over other employees.

While employed as benefits administrator, Conti received sporadic pay increases. In February of 1995, she requested a substantial increase in her annual salary of less than $25,000 to $40,000. Conti told her supervisor and company vice-president, Linda Ritchie, that she wanted a fair and competitive salary for her work. Conti informed Ritchie that her research showed that persons in her position earned over $40,000 in 1992. Ritchie responded that she could not make a decision on Conti's request for a raise on her own and she would need to discuss it with Ridenour. According to plaintiff, Ridenour contacted Conti and told her that he needed to think about her request and that he would either meet her salary demand or ask for her resignation. A few days later, Ridenour told Conti that he could not afford to pay the salary she had requested for her position and that he would accept her resignation, although Conti denies that she had offered her resignation. Conti avers that she informed Ridenour that she would not submit her resignation until she had another suitable position. The two eventually agreed that Conti would stay on as benefits administrator until she had trained a replacement.

Conti's replacement was Angela Felter, a twenty-one year old woman with two years of college education. At the time she was selected for the benefits administrator position, Ms. Felter had been working on a line in the plant and earning $6.75 an hour. Upon her transfer to the benefits administrator position, Ms. Felter continued at that rate of pay but was converted from an hourly to a salaried employee. Ms. Felter testified at her deposition that as benefits administrator, she performed the same claims processing duties as plaintiff had performed.

Conti trained Ms. Felter for a period of three months. At the end of the training period, Enterprises offered Conti the position of tool room coordinator, a new position which Ridenour had created for Conti based on her data entry skills and which paid the same salary as benefits administrator. Ridenour viewed Conti's position as temporary and believed Conti would leave after she had found another job elsewhere. In fact, Conti held the position of tool room coordinator for two years. During that period, she received a pay raise of $1.00 per hour.

The company's written description of the tool room coordinator position identifies the coordinator's primary responsibility as "maintaining accurate inventories of parts, materials, tooling, etc." in a variety of manufacturing areas. According to the job description, a "major thrust" of the job would be in the area of "project management". The tool room coordinator would be responsible for "scheduling, tracking, and costing projects within the Tool Room and other areas as assigned." The coordinator, working in conjunction with the tool room supervisor and the vice-president of manufacturing, would also determine priorities and see that projects were assigned to tool room personnel. Other responsibilities listed included charting and progress reporting for individual projects and department-wide project scheduling. Conti testified that she also collected data and set up the software programs to administer the job.

On April 4, 1997, Enterprises sold its manufacturing division to Tubular, a newly-formed subsidiary of Burner Systems International, Inc. Tubular retained all but a handful of the approximately 300 Enterprises employees in that division. Plaintiff was one of the five employees who was not retained. Two days before the sale, Ridenour informed Conti that she was being terminated because the new company did not intend to maintain the tool room coordinator position.

In July of 1996, prior to her discharge, Conti had filed a complaint with the Ohio Civil Rights Commission and the EEOC, alleging that Enterprises discriminated against her in terms of her compensation based on her sex. Following her dismissal, Conti filed this suit against Enterprises and Tubular in the United States District Court for the Northern District of Ohio.

Magistrate Judge David S. Perelman issued a Report and Recommendation on motions for summary judgment filed by both defendants. The magistrate judge found that although the parties disputed whether the positions held by plaintiff were properly considered clerical or managerial, that issue was not controlling. Rather, the magistrate judge determined that Conti must demonstrate that she was paid less than other Enterprises' employees whose functions and responsibilities were comparable to hers. The magistrate judge noted that although Conti had identified five male Enterprises' employees who held allegedly comparable positions, only Buddy [James H.] Luster had been deposed, and the record did not provide any details as to the duties of the other four. The magistrate judge determined that any comparability among plaintiff's

position and the positions held by four of the male employees was negated by the fact those four individuals had supervisory responsibilities, whereas Conti did not. The magistrate judge found that a total lack of evidence as to the fifth individual's job duties precluded a finding that the discrepancy between his and plaintiff's salaries was sufficient to establish a claim under the Equal Pay Act. As to plaintiff's Title VII claim, the magistrate judge found there was not a scintilla of evidence that her gender had any bearing on her salary. The magistrate judge also determined with respect to plaintiff's retaliatory discharge claim that there was no evidence to call into question defendants' testimony that plaintiff was terminated because Tubular would not maintain a position similar to that of tool room coordinator, and the position in fact ceased to exist after the sale. Finally, the magistrate judge determined that the proof did not establish that Tubular was a successor-in-interest to Enterprises.

Upon de novo review of the Report and Recommendation, the district judge agreed with the magistrate judge's conclusion that there was a lack of evidence to support Conti's prima facie case of a violation of the Equal Pay Act. The district judge found that the testimony of Luster, the only individual holding a position purportedly comparable to Conti's position who was deposed, contradicted her allegation of comparability. The district judge also found that the evidence demonstrated that each of the five male employees whose positions plaintiff sought to compare to her own held different positions than Conti, and, unlike Conti, four of the five had supervisory responsibilities. The district judge concluded that the undisputed evidence showed that even if Conti had been paid less than male employees holding comparable positions, Enterprises was not liable because such pay differentials were based on factors other than gender, including seniority and merit.

The district judge further determined that Conti had not shown for purposes of her Title VII claim that similarly-situated males were paid more than she was. The district court found that there was no evidence that Conti and the five males holding allegedly comparable positions had performed similar tasks or used similar skills. The district judge determined that even if plaintiff had established a prima facie Title VII case, Enterprises established a legitimate reason for the alleged pay differentials—individuals were paid based on their value to the corporation— and Conti had not shown the reason to be pretextual.

The district judge also determined that there was no evidence in the record to support Conti's retaliation claim against either Enterprises or Tubular. The district judge noted that plaintiff had asserted a cause of action against Tubular as a successor-in-interest and did not allege that Tubular or any of its employees had engaged in wrongful conduct.

Finally, the district court determined that the magistrate judge had not erred by recommending a narrow interpretation of the successor-in-interest doctrine under Ohio law and that plaintiff's objection was not supported by controlling Ohio case law or the facts of the case. The district judge determined that even if Tubular was properly deemed to be a successor-in-interest, Conti would have no claims against Tubular since the court had granted summary judgment in favor of Enterprises as to all of Conti's substantive claims.

## II. ANALYSIS

### A. Standard of Review

We review de novo a grant of summary judgment. See *Gen. Elec. Co. v. G. Siem-*

*pelkamp GmbH & Co.*, 29 F.3d 1095, 1097 (6th Cir.1994). Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the plaintiff. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir.1989). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In conducting the summary judgment analysis, this court must view all inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party. See *Gen. Elec. Co.*, 29 F.3d at 1097-98.

## B. Equal Pay Act Claims

■ Conti appeals the district court's determination that Enterprises was entitled to summary judgment on her Equal Pay Act claim because she failed to establish a prima facie case. Conti alleges that the evidence presented in her memorandum opposing summary judgment was sufficient to allow this claim to go the jury. Conti specifically contends that the district court erred by relying on the magistrate judge's finding that any alleged comparability between plaintiff's position and the positions held by the five male employees identified by plaintiff was negated by the fact that the male employees had supervisory responsibilities. Conti avers that this finding does not conform to the evidence and has no basis in law. Conti further argues that she submitted indirect evidence from which a jury could infer that the discrepancy between her pay and that of the five named male employees was based on gender, so as to permit a jury to find that the reason offered by Enterprises for the discrepancy is pretextual. In support of her claim, Conti points to other instances of pay discrepancies between men and women at the company who held various managerial positions.

■ The Equal Pay Act prohibits employers from paying an employee at a rate less than that paid to employees of the opposite sex for equal work. 29 U.S.C. § 206(d)(1). To establish a prima facie case under the Act, the plaintiff must show that the defendant employer paid employees of one sex less than employees of the opposite sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions ..." 29 U.S.C. § 206(d)(1). Resolution of a claim under the Equal Pay Act depends not on job titles or classifications but on actual job requirements and performance. 29 C.F.R. § 1620.13(e); *Brennan v. Owensboro–Daviess County Hosp.*, 523 F.2d 1013, 1017 n. 7 (6th Cir.1975). Precise equivalence is not required. Rather, there need be "only substantial equality of skill, effort, responsibility and working conditions." *Odomes v. Nucare, Inc.*, 653 F.2d 246, 250 (6th Cir.1981). In determining whether there is substantial equality in these respects in a given case, it is necessary to make "an overall comparison of the work, not its individual segments." *Id.*

■ If the plaintiff establishes a prima facie case, the burden shifts to the defen-

dant to show that the pay differential is justified under one of the four affirmative defenses set forth in the Act: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) a differential based on any additional factor other than sex. 29 U.S.C. § 206(d)(1); *Kovacevich v. Kent State University*, 224 F.3d 806, 826 (6th Cir.2000) (citations omitted).

Conti has failed to point to specific facts which raise a genuine issue with respect to her prima facie case of an Equal Pay Act violation. While the parties dispute whether plaintiff's position was managerial or clerical, the label to be applied to the position is not determinative. The pertinent inquiry must focus on the actual requirements and performance of the jobs in question. Evidence on these particular matters is lacking. Conti has made only a conclusory allegation on appeal that her "job duties were substantially equal to those of comparable male employees that were paid significantly more." Plaintiff names three male employees in her appellate brief who held allegedly comparable jobs: Rick Lamp, Buddy Luster, and John Miller. The only information in the record concerning the positions held by Lamp and Miller is contained in plaintiff's affidavit, in which she describes Lamp's position as "administrator in the computer department" and Miller's job as "an administrative position similar to mine in the Safety Department." Conti has not come forward with evidence to show the specific duties and responsibilities of the positions held by Lamp and Miller and whether those jobs and Conti's job required "equal skill, effort, and responsibility" and were "performed under similar working conditions."

Plaintiff suggests that any inferences which may be drawn from the discrepancy between her salary and that of Miller must be drawn in her favor because Enterprises thwarted her discovery efforts by failing to comply with her requests for an opportunity to depose Miller and to obtain his affidavit and job description. As noted by the district court, plaintiff belatedly raised this issue for the first time in her objections to the Report and Recommendation. The district court rejected the argument because Conti had not filed a motion to compel while discovery was ongoing and the issue was not properly raised for the first time in objections to the Report and Recommendation. The district court did not abuse its discretion by ruling as it did. Plaintiff's alleged inability to depose John Miller does not permit an inference that she was paid less than Miller because of her gender. Nor does it excuse her failure to produce sufficient evidence to support her claim under the Equal Pay Act.

The record contains some evidence regarding the duties and responsibilities of Luster, who Conti described as an "administrator of the Manufacturing Resource Program". The evidence regarding Luster's manufacturing job indicates, however, that it involved entirely different duties and responsibilities than did plaintiff's jobs. Luster testified that he was "responsible for, essentially, the reimplementation of [Enterprises'] manufacturing system" and for establishing policies and procedures for the use of the system. Ridenour testified that Luster's department involved "a highly sophisticated computer program that gives you complete digital tracking of all the functions of the managerial operation." The record also shows that Luster oversaw the collections office and supervised three people. This evidence distinguishes Luster's job from Conti's position and negates any possible inference that Luster's and Conti's jobs were equal.

In sum, plaintiff has failed to carry her burden to come forward with evidence which establishes that Enterprises paid

different wages to plaintiff and to male employees for equal work so as to establish a prima facie case under the Equal Pay Act. The district court therefore correctly determined that defendants were entitled to summary judgment on Conti's claims under the Act.

## C. Title VII Claims

Conti appeals the district court's determination that Enterprises was likewise entitled to summary judgment on her Title VII claims because she failed to establish a prima facie case. Conti argues that the district court misapplied the law by requiring Conti to establish that she was compensated at a lower rate than a similarly-situated male employee in order to survive summary judgment. Conti contends that she need only show that she was paid less than male employees because she is a woman.

Title VII provides, in pertinent part, that "It shall be unlawful for an employer . . . to discriminate against any individual with respect to his compensation . . . because of such individual's . . . sex." 42 U.S.C. § 2000e–2(a)(1). A claim of disparate pay for equal work is essentially the same whether pursued under Title VII or the Equal Pay Act. *Henry v. Lennox Industries, Inc.,* 768 F.2d 746, 752 (6th Cir.1985)(citing *Odomes,* 653 F.2d at 250). The plaintiff must ordinarily show that the employer paid different wages to employees of opposite sexes for substantially equal work. *Id.*

A plaintiff who fails to satisfy the equal work standard of the Equal Pay Act, however, is not necessarily precluded from proceeding under Title VII. See *County of Washington v. Gunther,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981). In *Gunther,* the Supreme Court examined the effect of the Bennett Amendment, which comprises the last sentence of § 703(h) of Title VII, on claims for gender-based wage discrimination brought under Title VII. The Bennett Amendment provides that it shall not be an unlawful employment practice for any employer to differentiate upon the basis of sex in determining the amounts of its employees' wages if such differentiation is authorized under the Equal Pay Act. The Supreme Court held that an individual may bring a claim for gender-based wage discrimination under Title VII even though no member of the opposite sex holds an equal but higher paying job, provided the challenged wage rate is not exempted under the Equal Pay Act's affirmative defenses. The Supreme Court indicated that a plaintiff holding a unique position within a company could obtain legal redress under Title VII if the plaintiff proved that the employer admitted it would have paid the plaintiff more if she were a male or if the plaintiff demonstrated that "a transparently sex-biased system for wage determination" was a pretext for discrimination. *Id.* at 178–79. In rendering its decision, the Supreme Court expressly refrained from deciding "the precise contours of lawsuits challenging sex discrimination in compensation under Title VII." *Id.* at 181. The Court found it "sufficient to note that respondents' claims of discriminatory undercompensation are not barred by § 703(h) merely because respondents do not perform work equal to that of male jail guards." *Id.*

Pursuant to *Gunther,* plaintiff's failure to produce evidence to show that she was paid less than male employees who performed equal work does not preclude her from establishing her claim of gender-based wage discrimination under Title VII. Plaintiff must, however, produce some other evidence which shows that Enterprises discriminated against her in terms of her salary because of her gender. For the reasons stated below, plaintiff has not satisfied her burden with respect to her Title VII claim.

A Title VII claimant may establish discrimination by producing either direct evidence of discrimination or circumstantial evidence which would support an inference of discrimination. *Kline v. TVA*, 128 F.3d 337, 348 (6th Cir.1997). The plaintiff may establish a prima facie case by showing that she is a member of a protected group, 2) she was subject to an adverse employment decision, 3) she was qualified for the position, and 4) she was replaced by an individual outside of the protected class or she was treated less favorably than a similarly-situated employee outside of the protected class. See *Mitchell*, 964 F.2d at 582; *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir.2002)(citing *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995)). In a Title VII case where the plaintiff seeks to compare herself to another employee, she must prove that all relevant aspects of her employment situation were similar to those of the other employee. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998).

In *Mitchell* and *Ercegovich*, this Court addressed the requirements for finding two individuals to be similarly-situated in a disciplinary context. In such a case, the individuals must have dealt with the same supervisor, they must have been subject to the same standards, and they must have engaged in the same conduct without such differentiating or mitigating circumstances which would distinguish their conduct or the employer's treatment of them for that conduct. *Id.* at 352 (quoting *Mitchell*, 964 F.2d at 583); *Smith v. Leggett Wire Co.*, 220 F.3d 752, 762 (6th Cir.2000). These factors have little, if any, relevance to the inquiry of whether employees are similarly-situated for purposes of resolving a gender-based wage discrimination claim under Title VII. In making this determination, we find the relevant factors to include those aspects of the employment situation which must be examined in determining whether the plaintiff and a male employee performed "equal work" as that term is defined for purposes of the Equal Pay Act. Thus, the relevant factors include the skill, effort, and responsibilities of each job and the working conditions under which each job is performed.

Initially, we reject plaintiff's argument that the district court misapplied the law to her Title VII claim. While Conti correctly asserts that she was not limited to establishing her Title VII claim by showing that she was compensated at a lower rate than a similarly-situated male employee, she did not come forward with any other evidence to show that defendants discriminated against her in terms of her salary based on her sex. Plaintiff does not point to any direct evidence of wage discrimination in the record, such as an admission by her employer that it paid her a lower salary because she is a woman, or evidence that defendant "used a transparently sex-biased system for wage determination."

For the same reasons discussed above in connection with plaintiff's Equal Pay Act claim, plaintiff has also failed to come forward with circumstantial evidence to establish a prima facie case under Title VII. Plaintiff argues that a discriminatory motive can be inferred from the mere fact of differences in treatment between men and women and that she has shown discrepancies in pay among herself and other female employees as compared to male employees at Enterprises. However, the fact that some female employees earned less than various male employees at Enterprises, standing alone, is not sufficient to permit an inference of discrimination. Plaintiff has not presented additional evidence regarding wage discrepancies between female and males employees at Enterprises from which a reasonable jury could conclude that Enterprises engaged

in wage discrimination in violation of Title VII. Accordingly, the district court was correct in concluding that Enterprises was entitled to summary judgment on plaintiff's Title VII gender-based wage discrimination claim.

### D. Retaliatory discharge claim

Conti brought a claim for retaliatory discharge in the district court. Conti did not address this claim in her appellate briefs and thus appeared to have abandoned the claim on appeal. In the rebuttal portion of oral arguments, however, Conti asserted that Tubular had retaliated against her by eliminating her position as tool room coordinator. Assuming Conti has thereby preserved her retaliation claim on appeal, plaintiff has pointed to no evidence which substantiates her claim. She merely asserts that she filed an EEOC charge in 1996 and was discharged in 1997. This is insufficient to establish a claim of retaliatory discharge. Accordingly, we find that the district court correctly granted summary judgment in favor of Tubular on plaintiff's retaliatory discharge claim.

### E. Claim of successor liability against Tubular

In view of our determination that the district court did not err in finding Conti's substantive claims against Enterprises to be without merit, we need not address Conti's claim that Tubular is liable as a successor-in-interest. Because the district court correctly determined that Enterprises was entitled to summary judgment, successor liability cannot attach to Tubular.

### F. Motion to compel

▉ Conti argues that the district court abused its discretion by denying her motion to compel Enterprises to provide discovery. In the course of discovery, Conti posed an interrogatory to Enterprises seeking "the name, address, telephone number, date of hire, job title and salary information for all individuals both male and female who earned more money, either salaried or hourly, than Plaintiff for the past five years." Enterprises objected to the interrogatory on the ground that it was overbroad. Conti narrowed her request to twenty-one named current and former employees. Enterprises' counsel responded that Conti was not entitled to salary information about positions that were not comparable to hers. Conti then filed a motion to compel. The magistrate judge denied the motion on the ground that Conti had "failed to make a showing of any degree of comparability between the positions she held with defendant and the positions held by the individuals as to whom she seeks financial information ..." so that there had been no showing that such information came within the ambit of Rule 26(b)(1). The district court ruled in the summary judgement order that the magistrate judge's denial of the motion to compel "did not preclude Ms. Conti from seeking other discovery, such as submitting a more narrowly tailored interrogatory to defendants, deposing the twenty-one employees about whom Ms. Conti sought information from Enterprises, or asking those witnesses who were deposed their salaries or job descriptions to establish comparability."

Fed R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The scope of discovery is within the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.1981). An order denying additional discovery "will be grounds for reversal only if it was an abuse of discretion resulting in substan-

tial prejudice." See *Ghandi v. Police Dept. of City of Detroit,* 747 F.2d 338, 354 (6th Cir.1984) (citations omitted).

Assuming, without deciding, that Conti was entitled to the discovery she sought under the federal rules on the ground that it was "reasonably calculated to lead to the discovery of admissible evidence", the magistrate judge's ruling to the contrary did not result in substantial prejudice to Conti. First, as noted by the district court, plaintiff was free to pursue other discovery methods in order to obtain the requested information. Second, during the course of discovery, Conti had obtained information regarding the job titles and salaries of at least five male employees who earned higher salaries than she did. Conti, however, failed to develop that information in an effort to demonstrate that those individuals held positions substantially equal to her position. That failure is in no way attributable to any rulings by the district court.

Accordingly, in light of plaintiff's failure to pursue other available methods for obtaining the requested information and her failure to develop evidence of comparable job positions based on job titles and salary information which had been provided to her, it does not appear that the order denying plaintiff's motion to compel resulted in substantial prejudice to her.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment to Enterprises and Tubular as to all claims asserted by the plaintiff.