NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0047n.06

No. 21-1414

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 26, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| CHANTENA KINNEY, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE WESTERN |
| DENIS RICHARD MCDONOUGH, Secretary, | ) DISTRICT OF MICHIGAN |
| Department of Veteran Affairs, | ) |
| | ) |
| Defendant-Appellee. | ) |
| | ) |

Before: BATCHELDER, ROGERS, and WHITE, Circuit Judges.

**PER CURIAM.** Plaintiff-appellant Chantena Kinney appeals the dismissal of her complaint, which alleged that the Department of Veterans Affairs (VA) discriminated against her on account of her age and race and in retaliation for her protected Title VII activity. For the reasons set forth below, we **AFFIRM**.

**I.**

**A.**

Plaintiff-appellant Chantena Kinney was employed as a Licensed Practical Nurse (LPN) on the Patient Aligned Care Team (PACT) at the Battle Creek VA Medical Center in Battle Creek, Michigan. She filed her first formal Equal Employment Opportunity (EEO) complaint in March 2011. That complaint was resolved through a settlement agreement the following month. On February 26, 2016, Kinney filed another EEO complaint alleging that she experienced retaliation

for her prior EEO activity and a hostile work environment.[1]  The VA's Office of Resolution Management (ORM) accepted the following claims and bases related to Kinney's February 26, 2016, EEO complaint:

> Whether complainant was subjected to a hostile work environment based on reprisal (prior EEO Activity) and age as evidenced by the following events:
>
> Event 1: On December 18, 2015, [Kinney's supervisor] informed her that her workspace would be moved closer to Dr. Paul Anthony which prevented her from having access to printers, copier, etc.
>
> Event 2: On January 4, 2016, [Kinney] was suspended from employment for seven (7) calendar days.
>
> Event 3: On February 3, 2016, [Kinney] assisted [a registered nurse] with an EKG, and later the RN reported her to management.
>
> Event 4: On February 11, 2016, [Kinney] was given a full clinic, but other [LPNs] were not.
>
> Event 5: On March 2, 2016, [Kinney] was assigned to clinic A2 from 0800 to 12 noon.
>
> Event 6: On March 11, 2016 [a registered nurse] requested that [Kinney] [take] over a clinic, but failed to give . . . (LPN's/coworkers) a clinic.
>
> Event 7: On March 16, 2016, [Kinney] received an instant message (IM) from . . . [the] Urgent Care Supervisor advising that he received a call from someone on the A team stating that [Kinney] was not doing her job.
>
> Event 8: On March 15, 2016, [a registered nurse] gave her assignments, but did not make sure that the assignments were distributed fairly or equally.
>
> Event 10: On May 11, 2016, [Kinney] was detailed to the Medical Unit, 82-1.
>
> Event 11: On June 10, 2016, [Kinney] was detailed to the Housekeeping Section although her title is "Nurse"
>
> Event 12: Beginning October 30, 2016 through November 5, 2016, [Kinney] was suspended from employment for seven (7) calendar days.

R.10-5, PID 67.

---

[1] The complaint was not received by the Department of Veterans Affairs Office of Resolution Management (ORM) until March 7, 2016.

On March 2, 2018, Kinney filed a second EEO complaint. As accepted by ORM, Kinney's complaint was as follows:

> Whether complainant was subjected to a hostile work environment based on reprisal (prior EEO activity) as evidenced by the following events:
>
> 1. On August 14, 2017, [the] Chief of Clinical Health[] failed to act when [a] coworker[] allowed a door to shut in [Kinney's] face, rather than holding it open for her.
>
> 2. On November 15, 2017, [the Chief of Clinical Health] failed to act when [a] coworker[] shut the door in [her] face.
>
> 3. On November 15, 2017, [the Chief of Clinical Health] moved [Kinney] to another department following an altercation with [a] coworker . . . .
>
> 4. On or about January 25, 2018, [the Chief of Clinical Health] cancelled a meeting with [Kinney] and her attorney due to the commencement of an administrative board of investigation (ABI).
>
> 5. On or about February 5, 2018, [the Chief of Clinical Health] required [Kinney] to participate in an ABI.
>
> 6. On December 6, 2018, [the] Medical Center Director[] issued [Kinney] a removal letter, effective December 12, 2018.

R.10-8, PID 82.

ORM conducted an investigation into Kinney's March 2018 EEO complaint and issued an investigative report on February 13, 2019. On February 19, 2019, Kinney's counsel indicated through email to the ORM investigator assigned to Kinney's case that Kinney was alleging race as a basis of discrimination, and stated that Kinney was "Black & African American." R.10-10, PID 89. However, Kinney did not formally move to amend her EEO complaint to add a claim for race discrimination, and the investigative report issued on February 13, 2019, did not mention race discrimination. Kinney did not file an appeal with the Merit Systems Protection Board (MSPB). Kinney's investigation file was transferred from ORM to the VA's Office of Employment Discrimination Complaint Adjudication (OEDCA), which issued a final decision on January 28, 2020.

In its decision, the OEDCA determined that Kinney had failed to demonstrate by a preponderance of the evidence that she had been retaliated against as alleged. With regard to Kinney's temporary detail and removal (Events 3 and 6), the OEDCA found that although Kinney had made out a prima facie case of reprisal, the VA had provided legitimate, non-pretextual reasons for the challenged actions. As to Kinney's remaining claims of harassment, the OEDCA found that Kinney failed to demonstrate that the VA had "subjected her to unwelcome conduct that was sufficiently severe or pervasive so as to create an unlawful hostile work place environment." R.10-11, PID 100–01. No race discrimination claims were addressed in the Final Agency Decision.

On March 6, 2020, after this case was filed, the VA moved to dismiss Kinney's February 2016 EEO complaint pursuant to 29 C.F.R. §§ 1614.109(b) and 1614.107(a)(3) on the ground that almost all of the factual allegations in Kinney's district-court complaint were the same as those contained in her February 2016 EEO complaint. The Equal Employment Opportunity Commission (EEOC) granted the motion on April 13, 2020. The OEDCA implemented that decision by issuing a Final Order on April 23, 2020. Kinney did not appeal that decision.

**B.**

Kinney initiated this action by filing a complaint alleging that the OEDCA's Final Agency Decision resolving her March 2018 EEO complaint and "denying that the plaintiff was discriminated as alleged is unfounded according to the laws set forth in Title VII . . . and federal sector equal opportunity regulations." R.1, PID 6. Kinney subsequently filed an amended complaint adding a claim for discrimination based on race and seeking judicial review of both the Final Agency Decision resolving her March 2018 EEO complaint and the dismissal of her February 2016 EEO complaint.

The VA moved to dismiss the amended complaint, and the district court granted the motion. The district court found the complaint "deficient in several ways." R.17, PID 154. For example, it noted that Title VII does not cover age-discrimination claims, and that the amended complaint does not state Kinney's race or her age.[2] Therefore, the district court determined, Kinney had failed to plead membership in a protected class. The court also held that Kinney had failed to establish a prima facie case of disparate treatment. It further held that there was a "dearth of facts" regarding whether Kinney was discriminated against in retaliation for her prior EEO activity. R.17, PID 156. To the extent Kinney was attempting to bring a hostile-work-environment claim, the court rejected that claim because Kinney had failed to plead that any alleged workplace harassment was on account of her race or age. The court concluded that Kinney merely complained of "the sort of petty workplace friction that does not rise to the level of actionable harassment." R. 17, PID 157. Kinney did not seek leave to file a second amended complaint.

This appeal followed.

**II.**

We review de novo a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6). *Cooper Butt ex rel Q.T.R. v. Barr*, 954 F.3d 901, 904 (6th Cir. 2020). A Rule 12(b)(6) motion is properly granted where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

---

[2] The court nevertheless analyzed Kinney's age discrimination claims under the Age Discrimination in Employment Act (ADEA), but found that she had failed to plead any claim for age discrimination under the ADEA.

*Twombly*, 550 U.S. at 556). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, however, it must assert sufficient facts to provide the defendant with fair notice of what the . . . claim is and the grounds upon which it rests." *Rhodes v. R & L Carriers, Inc.*, 491 F. App'x 579, 582 (6th Cir. 2012) (quotations omitted).

**A.**

We begin with the threshold matter of whether Kinney properly pleaded her age and race. In granting the VA's motion to dismiss, the district court found that Kinney had failed to plead membership in a protected class, noting that the sole reference to race or age in the amended complaint was a line in the first paragraph stating that this "action is for discrimination on account of age, race, and reprisal." R.17, PID 155. We agree with the district court that there is nothing in the amended complaint indicating Kinney's race or age.

In the proceedings below, Kinney argued that her failure to plead her age and race was immaterial because "specific factual allegations aren't required"; rather, only direct or inferential allegations regarding all material elements of her claim were necessary at the motion to dismiss stage. R.14, PID 118. Kinney asserted that she met this requirement because the events in her EEO complaints were mentioned in the OEDCA's Final Agency Decision resolving her March 2018 EEO complaint, and because her amended complaint in this action mentioned the events in her February 2016 EEO complaint. On appeal, Kinney argues that this action is an administrative appeal and that "the EEOC record" from the administrative proceedings below indicates that her color is Black, she is African American, and that she is fifty-six years old. Appellant Br. at 7. But this action is not an appeal of the disposition of Kinney's March 2018 EEO complaint; nor is it an appeal of the OEDCA's final order dismissing her February 2016 EEO complaint.

Kinney's March 2018 EEO complaint consisted of both "mixed" and "non-mixed" claims. Federal regulations define a "mixed case complaint" as "a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)." 29 C.F.R. § 1614.302(a)(1); *see also Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999) (describing mixed case as "an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination."). An employee pursuing a mixed case can either file a "mixed case complaint with her agency's EEO office," or a "mixed case appeal directly with the MSPB." *See Butler*, 164 F.3d at 638 (quotations omitted). Where, as here, the employee chooses the agency EEO route, "within thirty days of a final decision she can file an appeal with the MSPB or a civil discrimination action in federal district court." *Id.* (citing 29 C.F.R. §§ 1614.302(d)(1)(ii), 1614.302(d)(3), 1614.310(a)).

Section 1614.302(d)(1)(ii) of Title 29 of the Code of Federal Regulations provides that "[i]f the complainant is dissatisfied with the agency's final decision on the mixed case complaint, the complainant may appeal the matter to the MSPB (not EEOC) within 30 days of receipt of the agency's final decision." 29 C.F.R. § 1614.302(d)(1)(ii). Section 1614.302(d)(3), in turn, provides that "[a]t the time that the agency issues its final decision on a mixed case complaint, the agency shall advise the complainant of the right to appeal the matter to the MSPB (not EEOC) within 30 days of receipt and of the right to file a civil action as provided at § 1614.310(a)." *Id.* § 1614.302(d)(3). Section 1614.310(a) provides that an individual such as Kinney may file a civil action "[w]ithin 30 days of receipt of a final decision issued by an agency on a complaint unless an appeal is filed with the MSPB." *Id.* § 1614.310(a).

As these provisions make clear, an appeal of an adverse agency decision on a mixed-case complaint is taken to the MSPB, and the civil-discrimination action that a complainant may file instead is not such an appeal. *See Valentine-Johnson v. Roche*, 386 F.3d 800, 805 (6th Cir. 2004) ("Should she elect the agency EEO route, within thirty days of a final decision she can file an appeal with the MSPB or a civil discrimination action in federal district court."). Kinney did not file such an appeal with the MSPB, so this action is not properly characterized as an appeal of the underlying agency decision resolving her mixed claim.

Kinney's March 2018 EEO complaint also contained non-mixed claims. Appeals of non-mixed claims are taken to the EEOC. *See* 29 C.F.R. §§ 1614.401, 1614.403(a); *see also Smith v. Potter*, 445 F.3d 1000, 1002 n.1 (7th Cir. 2006) ("Once an agency has dismissed or otherwise disposed of a complaint, federal employees have the right to appeal that decision to the EEOC, *see* 29 C.F.R. §§ 1614.403 *et seq.*, or file a complaint in federal court, *see* 29 C.F.R. § 1614.407."), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Kinney did not appeal her non-mixed claims to the EEOC.

Similarly, this action is not an appeal of the OEDCA's final order dismissing Kinney's February 2016 EEO complaint. The OEDCA granted the VA's motion to dismiss the February 2016 complaint pursuant to 29 C.F.R. § 1614.109(b) and 1614.107(a)(3). Section 1614.109(b) permits administrative judges to dismiss administrative complaints on grounds listed in section 1614.107, which includes when an administrative complaint "is the basis of a pending civil action in a United States District Court in which the complainant is a party." 29 C.F.R. § 1614.107(a)(3). Although a complainant may appeal such a dismissal, *see* 29 C.F.R. § 1614.401(a), such appeals must be taken to the EEOC. *See* 29 C.F.R. § 1614.403(a).

Although a complainant may—and Kinney did—file a civil action to vindicate her claims, *see* 29 C.F.R. § 1614.407(a), 42 U.S.C. § 2000e-16(c), such actions are considered de novo civil actions. *See* 5 U.S.C. § 7702(e)(3) ("Nothing in this section shall be construed to affect the right to trial de novo under any provision of law described in subsection (a)(1) of this section after a judicially reviewable action, including the decision of an agency under subsection (a)(2) of this section."); *see also Chandler v. Roudebush*, 425 U.S. 840, 861 (1976) (Congress "faced a choice between record review of agency action based on traditional appellate standards and trial de novo of Title VII claims. The Senate committee selected trial de novo as the proper means for resolving the claims of federal employees."); *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 827 (6th Cir. 2013) (stating that the Supreme Court "recognized Congress' intent that Title VII plaintiffs receive *de novo* trials in federal court").

Accordingly, this action is not an appeal of either of the two underlying decisions resolving Kinney's February 2016 EEO and March 2018 EEO complaints.

Kinney also argues that the exhibits attached to the pleadings before the district court indicate her race and color. Although Kinney did not attach any exhibits to her amended complaint, the VA attached portions of the administrative record as exhibits to its motion to dismiss. "A court evaluating a motion to dismiss may . . . consider 'the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 632 (6th Cir. 2016) (quoting *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)). Because Kinney did not attach any exhibits to her amended complaint, the question here is whether the exhibits attached to the VA's

motion to dismiss referencing Kinney's race and age "are referred to in the [amended] complaint." *Id.*

No exhibit attached to the VA's motion to dismiss references Kinney's age. The only exhibit that references Kinney's race is an email from Kinney's counsel to the EEO investigator stating that her "Color and Race" are "Black & African American." R.10-10, PID 89. But Kinney did not refer to this email in her amended complaint, so the district court did not err in declining to consider the email in determining whether Kinney had properly pleaded her race and age.[3] Accordingly, we find no error in the district court's conclusion that Kinney failed to plead membership in a protected class.

**B.**

We turn next to Kinney's hostile-work-environment claim. The district court found that Kinney had failed to properly plead a claim for hostile work environment. After reciting the elements of a prima facie case for hostile work environment based on race and age,[4] the district court observed that Kinney had failed to allege that the claimed adverse employment actions were taken because of her race or age. It also found that the actions about which she complained were nothing more than petty workplace friction that did not rise to the level of actionable harassment.

To the extent the district court dismissed the claim for failure to allege facts making out a prima facie case for a hostile work environment, this was error. The Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also

---

[3] Although Exhibit 3 attached to Kinney's opposition to the VA's motion to dismiss, a VA ORM counsel report, states that Kinney is alleging discrimination on the basis of race and that her race is Black, the district court did not err in declining to consider this exhibit because it is not referred to anywhere in the amended complaint. *See Luis*, 833 F.3d at 632.

[4] These elements are (1) membership in a protected class; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was due to a protected characteristic; (4) the harassment had the effect of unreasonably interfering with the plaintiff's work performance by creating an intimidating, hostile, or offensive work environment; and (5) the existence of employer liability. *See Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999) (Title VII); *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834–35 (6th Cir. 1996) (ADEA).

apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). The *McDonnell Douglas* framework is "an evidentiary standard, not a pleading requirement." *Id.* at 510; *see also James v. Hampton*, 592 F. App'x 449, 460 (6th Cir. 2015) ("Although it is ultimately [the plaintiff]'s burden either to establish the elements of the *prima facie* case under *McDonnell Douglas* or to offer direct evidence of discrimination, the Supreme Court has held that *McDonnell Douglas* sets an evidentiary standard, not a pleading requirement.") (citing *Swierkiewicz*, 534 U.S. at 510); *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("The district court's requirement that [the plaintiff]'s complaint establish a prima facie case under *McDonnell Douglas* and its progeny is contrary to Supreme Court and Sixth Circuit precedent.").

On a motion to dismiss a hostile-work-environment claim, "the ordinary rules for assessing the sufficiency of a complaint apply." *Swierkiewicz*, 534 U.S. at 511. That is, "only 'a short and plain statement of the claim showing that the pleader is entitled to relief'" is required. *Id.* at 508 (quoting Fed. R. Civ. P. 8(a)(2)). As we stated in *Crowder v. Railcrew Xpress*, 557 F. App'x 487 (6th Cir. 2014) (per curiam), "[t]he correct standard is the 'plausibility' standard in *Twombly* and *Iqbal*." *Id.* at 492. "The central inquiry of a Title VII claim is whether an employer discriminated against an employee because of her 'race, color, religion, sex, or national origin.'" *Primm v. Dep't of Human Servs.*, No. 16-6837, 2017 WL 10646487, at *2 (6th Cir. Aug. 17, 2017) (order) (quoting 42 U.S.C. § 2000e-2(a)(1); citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Although the district court "impermissibly applied what amounted to a heightened pleading requirement by insisting that" Kinney allege "specific facts beyond those necessary to state [her] claim," *Primm*, 2017 WL 1064687, at *2 (quoting *Twombly*, 550 U.S. at 570) (quotations omitted),

we may "affirm the judgment on any basis supported by the record." *Id.* (quoting *Angel v. Ky.*, 314 F.3d 262, 264 (6th Cir. 2002)).

Here, the district court's underlying reasoning is sound insofar as it found that Kinney failed to state a claim for hostile work environment. *See Primm*, 2017 WL 10646487, at *2. The complaint does not state Kinney's race or sex and the amended complaint does not reference the exhibit attached to the motion to dismiss that references Kinney's race. Because the amended complaint does not properly allege that Kinney is a member of a protected class, her claim fails. *See id.* Moreover, without these factual allegations, Kinney has not provided the VA with "fair notice of the basis for [her] claims" as required by Rule 8. *See Swierkiewicz*, 534 U.S. at 514. Accordingly, we affirm the district court's dismissal of Kinney's hostile-work-environment claim.[5]

## C.

The district court also dismissed Kinney's disparate-treatment claim on the grounds that she failed to properly plead her age and race and because she had failed to plead the prima facie elements of her claim. The court noted, for example, that Kinney had not alleged that she was qualified for her position or that similarly situated employees outside her protected class were treated better than she was.

As with Kinney's hostile-work-environment claim, the district court improperly required Kinney to plead a prima facie case for her disparate-treatment claim. Again, at this stage of the litigation, all that is required is that Kinney provide a "short and plain statement showing that [she] is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz*, 534 U.S. at 508; *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 817 (6th Cir. 2020). The "central inquiry" for a Title

---

[5] We need not address the VA's separate argument that Kinney forfeited her claim that she suffered a hostile work environment based on age, having determined that Kinney failed to properly plead both her race and age.

VII claim, *Primm*, 2017 WL 10646487, at \*2, is whether an employer discriminated against an individual with respect to her compensation, terms, conditions, or privileges of employment on account of her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1); *see also Harris*, 510 U.S. at 21. At the pleading stage, the complaint need only state "sufficient factual content from which a court could draw the reasonable inference of racial discrimination." *James*, 592 F. App'x at 461 (quotations omitted).

In *James*, this court held that the plaintiff had satisfied the pleading requirements for a disparate-treatment claim based on race because "[s]he identifie[d] herself as a member of a protected class, detail[ed] the JTC's investigation against her both prior and subsequent to her suspension from her judgeship, and identifie[d] and describe[d] the misconduct of five white state court judges who were not investigated or disciplined by the JTC." *Id.* at 461. By contrast, in *Tchankpa*, we affirmed the district court's dismissal of the plaintiff's disparate-treatment claim based on disability where the plaintiff alleged only that "several employees on Mr. Patel's team were allowed to work from home" but the plaintiff was not. 951 F.3d at 818. We stated that disparate treatment arises from employers "treat[ing] some people less favorably because of their . . . [protected characteristics]," *id.* (quoting *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003)), but noted that there was nothing in the complaint to indicate that the plaintiff's employer had "treated him differently with a discriminatory animus stemming from [plaintiff]'s disability." *Id.* This case is more like *Tchankpa*. Because the district court properly dismissed Kinney's disparate treatment claim in part because the amended complaint does not allege her age or race, meaning that Kinney failed to allege "sufficient 'factual content' from which a court could 'draw the reasonable inference'" that she was discriminated against based on her age or race, *James*, 592 F.

App'x at 461, we affirm the district court's dismissal of Kinney's disparate treatment claim. *See Tchankpa*, 951 F.3d at 818; *Primm*, 2017 WL 1064687, at \*2–3.

**D.**

Kinney also failed to state a cause of action for retaliation because she did not allege sufficient facts to support the causation requirement and more generally failed to state the grounds for relief. "Title VII prohibits discriminating against an employee because that employee has engaged in conduct protected by Title VII," which includes filing EEO complaints. *Laster v. City of Kalamazoo*, 746 F.3d 714, 729–30 (6th Cir. 2014).

Kinney did not sufficiently allege that the adverse employment actions were in response to her EEO complaints, so she cannot show a causal connection. To demonstrate causation, the plaintiff "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). A plaintiff fails to meet the causation requirement if the complaint "does not allege any facts to support a causal link between her claimed protected activities and her [adverse employment actions]." *Koutsoukos v. Adecco USA, Inc.*, No. 16-2610, 2017 WL 5514558, at \*2 (6th Cir. July 14, 2017) (citing *Allen v. Mich. Dep't of Corr.*, 165 F.3d 405, 413 (6th Cir. 1999)). Kinney's complaint did not allege that her filing of EEO complaints, a protected activity, caused the allegedly adverse employment actions. The complaint failed to state facts that would support a conclusion that the adverse employment actions were taken to punish her for exercising protected rights instead of for some other reason, such as job performance or staffing issues. Kinney's sparse and conclusory assertions that her colleagues were treated differently, without any further factual allegations about whether Kinney's superiors knew that she engaged in protected activity or how the differential treatment was supposedly adverse, are not enough to show causation. A complaint

must allege sufficient facts to state a plausible claim, which "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While it is true that Kinney's complaint states that some allegedly adverse employment actions occurred shortly after she engaged in protected activity, that proximity alone is not enough. "Temporal proximity alone generally is not sufficient to establish causation," and "[e]xceptions to this rule are 'rare,' even in instances involving relatively short time periods." *Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 449 (6th Cir. 2020) (quotation omitted). The complaint's lack of sufficient facts supporting the causation requirement demonstrates that it fails to meet the standard of stating a plausible claim.

It is true that a complaint does not need to establish a prima facie case of retaliation or contain "detailed factual allegations" in order to survive a motion to dismiss. *See Keys*, 684 F.3d at 609–10 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). But in this case, the complaint's deficiencies go beyond merely its lack of sufficient facts to support the causation requirement, because the complaint suffers from a more fatal flaw. Here, Kinney did not even put the VA on notice that she was stating a retaliation claim. The plaintiff has an "obligation to provide the grounds of his entitle[ment] to relief." *Twombly*, 550 U.S. at 555 (quotation omitted). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021) (quoting *Twombly*, 550 U.S. at 555). Kinney's complaint contains only a few brief references to retaliation or reprisal without further elaboration, and the "claim for relief" section does not mention a retaliation claim. The complaint thus fails to meet the fundamental pleading requirement that it give the VA notice of the retaliation claim and the facts supporting that claim.

**III.**

For the reasons set forth above, we **AFFIRM** the district court's dismissal of Kinney's

hostile-work-environment, disparate-treatment, and retaliation claims.

**HELENE N. WHITE, Circuit Judge, concurring in part and dissenting in part.**

I agree that the district court did not err in dismissing Kinney's hostile-work-environment and disparate-treatment claims. However, I would reverse the dismissal of Kinney's retaliation claim. The VA did not address the retaliation claim in its motion to dismiss. Nevertheless, the district court addressed the claim along with the other claims.[1] In dismissing the retaliation claim, the district court simply stated that a "dearth of facts" exists regarding whether any of the alleged adverse employment actions were taken as reprisal for Kinney's EEO complaints. R.17, PID 156. On appeal, the VA argues that Kinney failed to plead "but-for" causation and asserts that the adverse employment actions of which she complains lack sufficient temporal proximity to the EEO complaints. Kinney argues that fairly read, her complaint states a retaliation claim.

"Title VII's antiretaliation provision forbids employer actions that 'discriminate against' an employee . . . because [s]he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Primm*, 2017 WL 10646487, at *3 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006)). Kinney's amended complaint asserts that after she filed her EEO complaints, she was discriminated against in the form of unequal work assignments, undesirable details to other sections of the hospital, suspension, and termination.

Although "plaintiffs must state 'plausible' grounds for relief, [*Twombly* and *Iqbal*] do not alter the basic rule that plaintiffs must plead only the basic elements of a claim, not develop all of the facts necessary to support the claim." *Havard v. Wayne Cnty.*, 436 F. App'x 451, 457 (6th Cir. 2011) (quoting *Hebron v. Shelby Cnty. Gov't*, 406 F. App'x 28, 30 (6th Cir. 2010)); *see also Keys*, 684 F.3d at 608 ("Specific facts are not necessary; the statement need only give the defendant fair

---

[1] Kinney does not argue that the district court should not have addressed this claim.

notice of what the . . . claim is and the grounds upon which it rests.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)); *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (noting that although a complaint need not contain "detailed factual allegations," it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotations omitted). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.'" *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

Kinney adequately pleaded a retaliation claim. Although Kinney's complaint does not use the words "cause" or "causation," her amended complaint states, "[t]his action is for discrimination on account of age, race, *and reprisal*." R.8, PID 25 (emphasis added). When "constru[ing] the complaint in the light most favorable to [Kinney], accept[ing] all well-pleaded factual allegations in the complaint as true, and draw[ing] all reasonable inferences" in her favor, *see Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016), Kinney has plausibly alleged that she was discriminated against for filing the two EEO complaints. The amended complaint contains "sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that the VA retaliated against her because she filed her EEO complaints. *See Crowder*, 557 F. App'x at 493 (quoting *Keys*, 684 F.3d at 610). Specifically, Kinney alleged that after her formal EEO complaint was received by the VA's ORM on March 7, 2016, she experienced adverse employment actions on March 11, 15, and 16, 2016; that after she amended her EEO complaint on April 29, 2016, she was transferred to another unit on May 11, 2016; that after she amended her EEO complaint on May 13, 2016, she was detailed to the Housekeeping Section on June 10, 2016, and was suspended for seven days on July 4, 2016; and that after she amended her EEO complaint on July 19, 2016, she was removed from the PACT

nursing team on July 29, 2016. Unlike her other claims, which conspicuously fail to plead Kinney's age and race, the amended complaint clearly alleges that Kinney filed two EEO complaints and several amendments, and that she subsequently experienced a variety of adverse employment actions. Although temporal proximity may prove to be insufficient at some later stage of the proceedings, Kinney's allegations are sufficient at the pleadings stage. Accordingly, the district court erred in dismissing the retaliation claim for failure to state a claim.